# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |  | |
|---|---|---|---|
| JAMES CHELMOWSKI, | ) | | |
| | ) | | |
| Plaintiff, | ) | Case No. 16 cv 5587 | |
| | ) | | |
| v. | ) | Judge Sharon Johnson Coleman | |
| | ) | | |
| FEDERAL COMMUNICATIONS COMMISSION, | ) ) ) | | |
| | ) | | |
| Defendant. | ) | | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James Chelmowski filed a complaint *pro se* alleging violations of the Freedom of Information Act ("FOIA"). Chelmowski contends that the Federal Communications Commission ("FCC") is unlawfully withholding records that Chelmowski requested. The parties filed cross-motions for summary judgment and this Court heard oral arguments on the motions. For the reasons stated below, Chelmowski's motion for summary judgment [38] is granted in part and denied in part, and the FCC's motion for summary judgment [35] is granted in part and denied in part.

**Background**:

Plaintiff James Chelmowski filed a complaint *pro se* alleging violations of FOIA. Chelmowski contends that the FCC is unlawfully withholding records that Chelmowski requested. He asks the Court to (1) order the FCC to search for and produce all responsive records and to submit a *Vaughn* index of any responsive records withheld under any FOIA exemption; (2) to enjoin the FCC from withholding any non-exempt records that are responsive to his FOIA requests; and (3) to award him costs and attorneys' fees.

The case stems from four overlapping FOIA requests filed with the FCC. On September 11, 2015, Chelmowski filed two FOIA requests that were assigned FOIA Nos. 2015-768 and 2015-769,

1

and consolidated by the FCC. The first one, 2015-768 requests all documents relating to FCC informal complaint 11-C00292341, and the second one, requests all documents relating to FCC informal complaint 11-C00325771. On September 17, 2015, the FCC responded to FOIA Nos. 2015-768 and 2015-769 by letter with 14 pages of responsive records and advising Chelmowski that if considered the response to be a denial of his request, he had 30 calendar days to file an application for review with the FCC's Office of General Counsel. Dkt. 27-1, Ex. 5. On September 30, 2015, Chelmowski filed an administrative appeal of the consolidated response. On October 20, 2015, the FCC sent Chelmowski a response to his administrative appeal with 87 pages of additional material. Dkt. 27-1, Ex. 7. In that letter, the FCC informed Chelmowski that he had until November 20, 2015, to contact the FCC with objections and that if he failed to object the FCC would consider the appeal resolved. *Id.*

Before the November 20th deadline, Chelmowski submitted a request for assistance to the Office of Governmental Information Services (OGIS), which is a separate agency from the FCC. The next day, on November 13, 2015, Chelmowski tried to electronically file his letter to OGIS in the FCC's electronic filing system and emailing it to the FCC's Enforcement Bureau. He filed the OGIS request for assistance in proceeding No. 14-260, which was a separate non-FOIA proceeding before the FCC's Enforcement Bureau. Proceeding No. 14-260 was no longer active because it related to a formal complaint Chelmowski made against AT&T Mobility that was dismissed as untimely on July 10, 2015. The FCC also denied Chelmowski's motion for reconsideration of that dismissal on October 15, 2015, with no further agency proceedings. The FCC asserts that this submission of the OGIS letter therefore was not received by the FCC staff responsible for FOIA requests (Consumer and Governmental Affairs Bureau and the Office of General Counsel) until December 21, 2015.

2

After Chelmowski failed to file objections or any response to the FCC's October 20, 2015, letter, the FCC categorized Chelmowski's FOIA Nos. 2015-768 and 2015-769 as "Closed for Other Reasons – Request Withdrawn".

On February 10, 2016, Chelmowski filed a new request that was given No. 2016-345. This request (and another Chelmowski filed, No. 2016-665), requested all documents from January 1, 2011 to February 10, 2016, between the FCC and AT&T (or its subsidiaries) regarding: (1) various permutations of the spelling of Chelmowski's name; (2) informal complaint No. 11-C00292341; (3) informal complaint No. 11-C00325771; (4) formal complaint No. EB-14-MD-016 and associated proceeding No. 14-260; and (5) D.C. Circuit case No. 15-1292.

On March 11, 2016, the FCC responded to FOIA request No. 2016-345, stating that it found no material responsive to the request that the FCC had not already provided to Chelmowski, and gave him 30 calendar days to file an application for review. Dkt. 27-2, Ex. 12. On March 16, 2016, Chelmowski filed an administrative appeal of the FCC's response in FOIA No. 2016-345. FCC admits that it did not timely respond to Chelmowski's appeal in FOIA No. 2016-345 within the 20 working days provided in 5 U.S.C. § 552 (a)(6)(A)(ii), and thus, the agency deems Chelmowski to have exhausted his administrative remedies for 2016-345.

On August 4, 2016, the FCC sent Chelmowski a consolidated response to his FOIA request Nos. 2016-345 and 2016-665, notifying him that a further search of FCC databases, including FCC's email system is necessary to respond fully to the request and that the time involved with conducting the search would result in a fee of $917.28. Dkt. 27-3, Ex. 17. Chelmowski has not remitted payment and the FCC has not yet conducted the search.

**Legal Standard**

"FOIA cases typically and appropriately are decided on motions for summary judgment." *Evans v. U.S. Dep't of Interior*, 135 F.Supp.3d 799, 809 (N.D. Ind. 2015) (quoting *Citizens for*

*Responsibility & Ethics in Washington v. U.S. Dep't of Veterans Affairs*, 828 F.Supp.2d 325, 329–330 (D.D.C.2011)). Summary judgment is proper only if "the pleadings, depositions, answers to the interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(c); *see also Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In FOIA cases, the Court can resolve summary judgment solely on the basis of affidavits or declarations from agency employees if they are "relatively detailed and non-conclusory." *Evans*, 135 F.Supp.3d at 809 (quoting *SafeCard Servs., Inc. v. SEC*, 926 F.2d 1197, 1200 (D.C.Cir.1991)). A genuine issue of material fact exists whenever "there is sufficient evidence favoring the nonmoving party for a jury to return a verdict for that party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). In deciding whether a genuine dispute exists as to any material fact, a court must view all the evidence and draw all reasonable inferences in favor of the non-moving party. *See Weber v. Univ. Research Assoc., Inc.,* 621 F.3d 589, 592 (7th Cir.2010).

**Discussion**

The FCC moves for summary judgment in its favor, arguing that it is undisputed that Chelmowski failed to exhaust his administrative remedies with respect to FOIA Nos. 2015-768 and 2015-769. The FCC also moves for summary judgment on FOIA Nos. 2016-345 and 2016-665 because Chelmowksi has not paid the required search fees.

Chelmowski also moves for summary judgment, arguing that the FCC has not provided a sufficiently detailed certification that the searches performed for FOIA Nos. 2015-768 and 2015-769 were complete. With respect to his FOIA Nos. 2016-345 and 2016-665, Chelmowski asserts that the FCC is misleading him and the court by suggesting that those requests are still open and that the agency will conduct the searches requested. Chelmowski also argues that the FOIA regulations only require payment for an initial search not a subsequent review of the records and that he should not

4

be required to pay the $917.28 fee assessed for the search following his administrative appeal of Nos. 2016-345 and 2016-665.

*I. FOIA Nos. 2015-768 and 2015-769:*

FOIA requires a plaintiff to exhaust his administrative remedies before the filing of a lawsuit. *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 185 (D.C. Cir. 2013); *Almy v. U.S. Dep't of Justice*, No. 96-1207, 1997 WL 267884, at *3 (7th Cir. 1997); *see also Scherer v. Balkema*, 840 F.2d 437, 443 (7th Cir. 1988), *cert. denied,* 486 U.S. 1043 (1988) (holding that a plaintiff fails to state a claim under FOIA if the complaint does not allege that the plaintiff has exhausted his administrative remedies). An application for review by the Commission is the final stage of the administrative remedies available to a FOIA requester under the FCC regulations. 47 U.S.C.A. § 155(c)(4), (7); 47 C.F.R. §§0.461(j), 1.115.

The undisputed facts demonstrate that Chelmowski did not file an application for review, which would exhaust his administrative remedies. The documentation provided by Chelmowski establishes that the FCC responded to his FOIA Nos. 2015-768 and 2015-769 by letter dated September 17, 2015, (Dkt. 27-1, Ex. 5), Chelmowski timely filed an administrative appeal, which the FCC responded to on October 20, 2015, (Dkt. 27-1, Ex. 7). The October 20, 2015, letter informed Chelmowski that he had until November 20, 2015, to contact "us" with objections and that if he failed to object within that time frame "we" will consider the appeal resolved. *Id.* The letter states to contact the Office of General Counsel and is signed by the Consumer & Governmental Affairs Bureau with the FCC. *Id.*

Instead of contacting either of the FCC offices listed in the October 20, 2015, letter, Chelmowski sent a request for assistance to the Office of Governmental Information Services (OGIS), which is a separate agency from the FCC. There is no authority on which this Court could find that submitting a request to OGIS for assistance can supplant an application for review from

the full Commission, which Congress has specifically stated is a "condition precedent to judicial review". *See* 47 U.S.C. § 155(c)(7). Accordingly, Chelmowski has not provided any basis for relief from the requirement that he exhaust his administrative remedies nor does the record demonstrate an alternative avenue for this Court to deem him to have exhausted his administrative remedies on 2015-768 and 2015-769.

*II. FOIA Nos. 2016-345 and 2016-665:*

With respect to FOIA Nos. 2016-345 and 2016-665, the FCC concedes that it failed to respond to Chelmowski's administrative appeal following the FCC's initial response within the 20 working day time limit for responding. Therefore, the FCC concedes that Chelmowski has exhausted his administrative remedies. *See* 5 U.S.C. § 552(a)(6)(C)(i) ("Any person making a request to any agency for records under paragraph (1), (2), or (3) of this subsection shall be deemed to have exhausted his administrative remedies with respect to such request if the agency fails to comply with the applicable time limit provisions of this paragraph").

The issue with FOIA Nos. 2016-345 and 2016-665 concerns the $917.28 fee that the FCC has assessed to complete the requests. Chelmowski posits that he should be exempt from paying the fee because the FCC did not provide a timely response to his requests. In support of his position, Chelmowski refers to 5 U.S.C. § 552(a)(4)(A)(viii)(I), which states: "Except as provided in subclause (II), an agency shall not assess any search fees (…) under this subparagraph if the agency has failed to comply with any time limit under paragraph (6). It is undisputed that the FCC did not comply with the time limit under paragraph (6). Therefore, unless one of the exceptions in subclause (II) applies, it appears that the FCC cannot assess any search fees. FOIA section 552(a)(4)(A)(viii)(II) provides in relevant part:

> **(aa)** If an agency has determined that unusual circumstances apply (as the term is defined in paragraph (6)(B)) and the agency provided a timely written notice to the requester in accordance with paragraph (6)(B), a failure described in subclause (I) is excused for an additional 10 days. If the agency fails to comply with the extended

6

time limit, the agency may not assess any search fees (or in the case of a requester described under clause (ii)(II) of this subparagraph, duplication fees).

**(bb)** If an agency has determined that unusual circumstances apply and more than 5,000 pages are necessary to respond to the request, an agency may charge search fees (or in the case of a requester described under clause (ii)(II) of this subparagraph, duplication fees) if the agency has provided a timely written notice to the requester in accordance with paragraph (6)(B) and the agency has discussed with the requester via written mail, electronic mail, or telephone (or made not less than 3 good-faith attempts to do so) how the requester could effectively limit the scope of the request in accordance with paragraph (6)(B)(ii).

**(cc)** If a court has determined that exceptional circumstances exist (as that term is defined in paragraph (6)(C)), a failure described in subclause (I) shall be excused for the length of time provided by the court order.

5 U.S.C. § 552(a)(4)(A)(viii)(I)(II).

The FCC contends that the agency may charge search fees if either "unusual" or "exceptional" circumstances apply. Subsection (aa) does not apply since the FCC never provided written notice to Chelmowski that it needed an additional ten days and it is undisputed that the FCC did not respond to Chelmowski's March 16, 2016, appeal until August 4, 2016. Subsection (bb) is also inapplicable. If the FCC had provided Chelmowski with written notice within the appropriate time-frame, then the situation would fit the definitions of "unusual circumstances" in section 552(a)(6)(B)(iii). The FCC refers to cases in which courts have allowed the assessment of fees without written notice, but they appear to be in direct contradiction with the plain language of the statute. For example, in *Rosenberg v. U.S. Dep't of Immigration & Customs Enf't*, 954 F. Supp. 2d 1, 9 (D.D.C. 2013), the court stated that: "The plain text of section 552(a)(4)(A)(viii) requires only that unusual circumstances *as defined by* paragraph (6)(B) or (C), not that unusual circumstances exist *and* that the agency properly seek additional time to respond to the request in light of unusual circumstances." In *Davis v. U.S. Dep't of Homeland Sec.,* also relied on by the FCC, the court found that the provision regarding fees was inapplicable because the fees were for duplication not for the search. No. 11-cv-203, 2013 WL 6145749, at *2 (E.D.N.Y. Nov. 20, 2013). The *Davis* court further found that even if section 552(a)(4)(A)(viii) did apply, there were unusual circumstances sufficient to

excuse the delay. Compare those cases with *Citizens for Responsibility & Ethics in Washington "CREW" v. Fed. Election Comm'n*, in which the court states: "The 20–working–day timeline is not absolute. In 'unusual circumstances,' an agency may extend the time limit to up to 30 working days *by written notice to the requester*." 711 F.3d 180, 184 (D.C. Cir. 2013) (emphasis added). The "*CREW*" case leaves open the "exceptional circumstances" provision as an exception for the agency to avoid the time limits for responding and still allow the agency to assess fees. *Id.*

The FCC may assess fees if this Court determines that exceptional circumstances exist. Paragraph 6(C) provides that "exceptional circumstances" does not include a delay that results from a predictable agency workload of requests under this section, unless the agency demonstrates reasonable progress in reducing its backlog of pending requests. 5 U.S.C. § 552(a)(6)(C)(ii). The FCC does not provide any reason for the delay. The FCC also did not elaborate on this argument during the hearing.

The FCC also did not elaborate on its remaining argument that, even if this Court finds that neither unusual circumstances nor exceptional circumstances excuse the FCC's delay in responding to Chelmowski's March 16, 2016, appeal, the agency can still charge Chelmowski for the search. The FCC contends that its response to the appeal constitutes a new search to determine the applicability of other exemptions not previously considered and, therefore, the agency may assess fees. *See* 47 C.F.R. § 0.467(c). This argument is too bare for this Court to properly find as a matter of law that the FCC may assess the $917.28 fee. In reaching this conclusion, the Court gave no credence to Chelmowski's characterization of FCC officials and counsel.

**Conclusion**

Based on the foregoing discussion, this Court grants summary judgment to the FCC and denies summary judgment to Chelmowski for FOIA Nos. 2015-769 and 2015-768 since it is clear from the record that Chelmowski failed to exhaust his administrative remedies. With respect to

8

FOIA Nos. 2016-345 and 2016-665, the FCC has not shown that unusual and exceptional circumstances or other reason exists to excuse the delay in the agency's response to Chelmowski's March 16, 2016, administrative appeal. Therefore, this Court grants summary judgment in favor of Chelmowski and denies summary judgment for the FCC on FOIA Nos. 2016-345 and 2016-665. Accordingly, the FCC's motion for summary judgment [35] is granted in part and denied in part and Chelmowski's motion for summary judgment [38] is granted in part and denied in part.

IT IS SO ORDERED.

ENTERED:

Dated: February 24, 2017

SHARON JOHNSON COLEMAN
United States District Judge